## Henry Trendley v. St. Louis and Belleville Rapid Transit Co., for the use of William H. Bennett and A. A. Hunt, Partners, etc.

1. GARNISHMENT—*Liability of Holders of Stock Not Fully Paid for.*—A transfer of stock in a corporation known by the transferee not to have been fully paid for, makes him liable as garnishee for debts of the corporation.

Garnishment.—Trial in the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

110 APPELLATE COURTS OF ILLINOIS.

VOL. 84.] Trendley v. St Louis & Belleville Rapid Transit Co.

MESSICK & MOYERS, attorneys for appellant.

A stockholder who buys stock on the market, which the officials of the company represent as paid up stock, is not liable to the creditors of the company on said stock, although it might afterward turn out that it was not fully paid up stock. Cook on Stock and Stockholders, Vol. 1, 3d Ed:, Sec. 50; DuPont v. Tilden, 42 Fed. Rep. 87; Johnson v. Lullman, 15 Mo. App. 55; Erskine v. Lowenstein, 82 Mo. 301; Coleman v. Howe, 154 Ill. 458; Sprague v. Nat'l Bank of America, 172 Ill. 149; Erskine v. Lowenstein, 11 Mo. App. 595; Steacy v. L. R., etc., R. R. Co., 5 Dill. 348; Burkinshaw v. Nicolls, L. R. 3 App. Cs. 1004.

HAMILL & BORDERS, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This appeal comes from the City Court of East St. Louis, challenging a judgment in the sum of $381.50, in favor of Bennett & Hunt against Henry Trendley, as garnishee.

The St. Louis & Belleville Rapid Transit Company was organized in 1896, for the purpose operating an electric street railroad between East St. Louis and Belleville, in St. Clair county, this State.

The corporation had a capital stock of $300,000. It was intended to build the road on the St. Clair county turnpike, thereby saving expense in its construction. Appellant owned 116 acres of land in Winstanley Park, and this land abutted on the turnpike. Eighty acres of it was sold to H. P. Taussig and nine associates, who were the corporators of the company. Taussig was the president, and was in possession of fifty-one per cent of the capital stock.

Appellant admitted, upon the trial, that he had been before the city council of East St. Louis for the purpose of getting a franchise in that city for tracks in the streets. The road was not built, and whether any of its capital stock was ever paid for the evidence fails to show, and the road seems not to have had any property beyond its franchise to be a corporation; at least appellant knew of no

such property at the time he acquired his stock in the company.

Appellant testified that on December 3, 1896, he bought 100 shares of the stock from Taussig, paying him therefor the sum of $2,500. He had spoken to Taussig a day or two before he purchased the stock about the matter, and on December 3d he went to Taussig's office and there got his certificate of stock, which had already been signed by the secretary of the company. Taussig filled it out and affixed to the certificate his own name as president.

He further testified that he bought the stock as a speculation, at twenty-five cents on the dollar, and that he didn't know whether the company owned any property or not; that Mr. Taussig represented to him that the stock was fully paid up, and that he relied on Taussig's representations, not knowing that the stock was not fully paid for. He denied that he was a subscriber for stock, and he swore that the stock came to him as transferee, from Taussig, but he also swore that the reason he bought the stock was that he wanted to help the enterprise along.

Bennett & Hunt had recovered a judgment against the company for the sum of $350 and costs. An execution had been issued and returned "no property found," and thereupon they brought this action in the name of the company, for their use, against appellant as garnishee. Interrogatories were filed, the garnishee answered them, and appellee took issue on the truth of the answers. The cause was tried upon the issues so made up, and the jury found for the plaintiff in the amount of the judgment.

The questions raised on this record are largely questions of fact, and the verdict of the jury was reached with instructions given for appellant that presented the law for him as favorable as possible.

It is complained that the first instruction given was not founded on the evidence, because it submitted to the jury the question whether appellant was an original subscriber to the stock. In this contention we do not concur. Appellant says he wanted to help the enterprise along; how could he

do this if he purchased Taussig's stock? The money would be Taussig's and might help him along, but if the stock was really Taussig's property, we are unable to see how its sale to appellant could help the company. The evidence furnished a legitimate basis to found this instruction on, because if the stock stood in Taussig's name, and if defendant, by the $2,500 payment for the stock, assisted the corporation, it must have been because Taussig was his agent and had subscribed for this stock for defendant, and so made defendant liable as for a subscription for stock. 1 Cook on Stockholders, Secs. 68, 249 (2d Ed.). It is only the application of the familiar rule of holding an undisclosed principal liable when discovered.

If this view of the matter is extreme, it is so only on the facts, and the supposed wrong comes from the jury; the evidence tended to prove the fact, and it was for the jury to say whether the fact existed. However, appellant had unquestioned knowledge of the origin of this enterprise; its progress; that at the time he bought this stock nothing had been done by the corporation in the execution of its purpose to become a road of active existence. At such time he bought stock at twenty-five cents on the dollar from a man who doubtless was as eager as appellant for a " No. 1 investment."

We think the evidence fully warranted the jury in their finding that appellant knew that the stock was not fully paid up, and that under this view of the case he is liable as transferee of stock known by him not to have been fully paid for. 1 Cook on Stockholders, Secs. 49, 50; Coleman v. Howe, 154 Ill. 471.

Other errors as to the admission and exclusion of evidence are assigned, but admitting the errors, we are unable to see that they are of sufficient importance to have changed the verdict of the jury, and hence the judgment is affirmed.